PEOPLE, PLAINTIFF AND APPELLEE, *v.* TORO ET AL., DEFENDANTS
AND APPELLANTS.

APPEAL from the District Court of Ponce in a Prosecution
for Aggravated Assault and Battery.

No. 1205.—Decided December 18, 1917.

ASSAULT AND BATTERY—TRESPASSER—FORCE NECESSARY TO EJECT.—Conceiving
the idea that a number of young men were bandits on an improper errand
and that it was their duty to dislodge them, the defendants in this case,
without first adequately assuring themselves of the nature of the occupation
of the supposed intruders, set upon them in a shooting and cutting affray
and seriously injured one of them. *Held:* That the defendants were not
justified in using undue force and that they did so without having a legal
excuse, and, therefore, were guilty of aggravated assault and battery.

The facts are stated in the opinion.

*Mr. José de Jesús Tizol* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A number of young men, mostly from Ponce, started out
from that city on a fishing trip to Guayanilla. At that place
they obtained the use of the house of a friend. Some of the
men took to a boat on the water and others slept on the balcony
of the house, awaiting the morning to indulge in their sport.
The defendants and others, honest people living in the neigh-
borhood and having their work there, conceived the idea that
the group of fishermen was a set of bandits on some improper
errand and that it was the duty of the defendants to dislodge
them. But they went about it in the wrong way. They did
not first adequately assure themselves of the nature of the
occupation of the supposed intruders, but set upon them in
a shooting and cutting affray, where at least one of the prose-
cuting witnesses was seriously injured and barely escaped
something worse. The defendant said that they called out
and received no answer and the only defence in this case is
that they were actuated by good motives and had no criminal
intent.

The information set up assault and battery with intent to

murder. The case was submitted to a jury under very careful instructions by the court and the jury showed that they considered the question of intent by finding the defendants guilty of assault and battery with aggravated circumstances. By fining the principal offender $300 with an alternative jail sentence and the others $100 with a comparative jail sentence, the court also took the motive into view.

*People* v. *Kilvington,* 104 Cal. 86, 37 Pac. 799, was the case of a policeman shooting at a supposed felon and it is there laid down that the right of a peace officer in making an arrest to shoot at a man is a question of fact for the jury. This is always true where there is some apparent legal justification for the person who is making the arrest in shooting at alleged offenders. In this case, however, although there was a jury trial there was nothing in the evidence to justify the violent attacks of the defendants. No one has a right to kill or wound a mere trespasser unless at least it be shown that some force was necessary to eject him. 5 C. J. 743 *et seq.;* 21 Cyc. 792; 21 Cyc. 972. The arrest of a person is an analogy of the law closest to the acts of the defendants in this case, but there the person making the arrest is not justified in using undue force. 5 C. J. 424 *et seq.* More or less directly, we have applied these principles in the cases of *People* v. *Cruz,* 25 P. R. R. 302, and *People* v. *Figueroa,* 16 P. R. R. 354. In the former case a policeman shot a boy who was fleeing and the court said that the intent to shoot and hit was there, no matter what the motive of a particular individual. Very often we have said, as have all the courts, that the intention will be presumed in certain illegal acts. The defendants here attacked without a legal excuse and the possible consequences of such acts are serious indeed.

The judgment must be

*Affirmed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.